## MacKELLAR et al. v. BEAMER.

No. 7669—Opinion Filed June 19, 1917.

Rehearing Denied July 24, 1917.

(166 Pac. 436.)

**Appeal and Error—Question of Fact—General Finding.**

Where a cause is tried to the court without the intervention of a jury, a general finding of the court will be given the same weight and effect as the verdict of a jury; and where there is any evidence reasonably tending to support such finding, the same will not be disturbed upon appeal.

(Syllabus by Bleakmore, C.)

Error from District Court, Tillman County; Frank Mathews, Judge.

Action commenced in justice court by O. Beamer, plaintiff, against M. M. MacKellar and George Pinion, defendants; case dismissed as to Pinion, judgment rendered against MacKellar. Defendants bring error. Affirmed.

John E. Williams, for plaintiffs in error.

Mounts & Davis and J. R. Charlton, for defendant in error.

Opinion by BLEAKMORE, C. This is an action in damages for conversion, commenced in a justice court in Tillman county by O. Beamer, plaintiff, against M. M. MacKellar and George Pinion, defendants. Appeal was had to the district court, wherein the case was dismissed as to Pinion, and judgment rendered against MacKellar for $70, to review which the case is brought here by proceeding in error.

Defendant, MacKellar, who was owner of 160 acres of land, let the same to one Hubert for the year 1914, and, to secure the payment of an indebtedness evidenced by notes, took from Hubert a chattel mortgage upon certain specifically described property, and also his "entire interest in all crops for 1914" on said land. MacKellar further contracted with Hubert to break 40 acres of sod land, and for such services to allow him all crops grown thereon during the year 1914. Thereupon Hubert entered into an agreement with George Pinion by the terms of which Pinion undertook to break said 40 acres and plant the same to cotton, using Hubert's teams and implements and giving him one-fourth of the yield, in performance of which agreement a crop of cotton was produced on said land. In June, 1914, Hubert sold his one-fourth interest therein to the plaintiff, O. Beamer. Upon the maturity of said crop defendant, MacKellar, without regard to such sale, and claiming the right so to do by virtue of his mortgage from Hubert, took possession of and sold the one-fourth of said cotton sold by Hubert to Beamer; this being the property for the conversion of which plaintiff recovered.

Defendant assigns as error that the judgment is contrary to the law, contrary to the evidence, and against the weight of the evidence.

On the trial it was contended by plaintiff that the contract relative to the breaking of

the 40 acres was entirely independent of all other transactions between defendant and Hubert, and that the crop produced thereon was not covered by the Hubert mortgage, nor contemplated as security for his debt to MacKellar by the parties thereto. The evidence in this regard was conflicting. A jury was waived, and the court made a general finding for plaintiff, necessarily deciding thereby that the cotton alleged to have been converted was not subject to the mortgage from Hubert to defendant.

In this jurisdiction it has been held in an unbroken line of authorities that where a cause is tried to the court without the intervention of a jury, a general finding of the court will be given the same weight and effect as the verdict of a jury, and where there is any evidence reasonably tending to support such finding, the same will not be disturbed upon appeal.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.